```
            UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

```
CINCINNATI INSURANCE CO.,        :
                                 :    NO. 1:00-CV-00965
         Plaintiff,              :
                                 :
                                 :    ORDER
    v.                           :
                                 :
                                 :
SHANTRAN LOGISTICS, INC.         :
    dba SHAN-TRAN LOGISTICS,     :
    et al.,                      :
                                 :
         Defendants.
```

On November 11, 2002, Plaintiff Cincinnati Insurance Co. ("CIC") filed its Complaint in the instant case pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22, seeking to interplead a number of known defendants claiming amounts potentially in excess of a surety bond it executed on behalf of defendant Shantran Logistics, Inc., dba "Shan-Tran Logistics" ("Shan-Tran"), as well as any additional unknown "John Doe" Defendants enjoying unasserted claims against the bond (doc. 1). The Complaint also advanced an indemnity claim against Defendants Shan-Tran, Mr. Mike McDevitt ("McDevitt"), and Mr. Victor Bosnich ("Bosnich") for any amounts potentially paid to claimants pursuant to the bond, based upon an indemnity agreement they executed in conjunction with Shan-Tran's application therefor. After CIC twice amended its Complaint to add additional known Defendants seeking to claim on the bond (docs. 5, 36), only two potential claimants, CIC and KP Carriers, Inc., had

appeared and made a claim for some or all of the $10,000 bond at issue.  Furthermore, Defendants Shar-Tran and Bosnich, despite having been properly served, failed to appear or otherwise defend against the indemnity claims levied against them in this case.

As a result, CIC moved for default judgment as to all of the Defendants who failed to plead or otherwise defend or appear in the action, foreclosing potential claimants from advancing any claim against the bond in the future and establishing its right to indemnification from Shar-Tran, McDevitt, and Bosnich (doc. 43). At the same time, CIC moved for judgment on the pleadings, requesting that KP Carriers, Inc. be awarded its uncontested claim for $350.00 and that CIC be awarded the balance (*Id*.).  CIC concedes, however, in its motion and supplemental filing thereto (docs. 43, 44) that five additional Defendants sent its counsel letters regarding their potential claims against the bond after being served with the Complaint: Triple LLL, Inc.; Ellis Steel Company, Inc.; Sievers Truck Service, Inc.; Polo Trucking, Inc.; and Specialized Hauling, Inc.  CIC's counsel represented to the assigned Magistrate Judge that Plaintiff would "acquiesce in the letters being accepted by the court in lieu of formal pleadings and, based thereon, that [these Defendants'] claims be paid from the interpleader deposit (doc. 45).

On March 11, 2004, the assigned Magistrate Judge issued a Report and Recommendation (doc. 45) recommending that CIC's

-2-

motions for default judgment and judgment on the pleadings be granted as well as the amount of the $10,000 bond that should be allocated to CIC and each of the five Defendants who had "appeared" in the action. No objections to this Report and Recommendation have been filed and, upon review, the Court finds the Magistrate Judge's decision well reasoned and proper.

Accordingly, the Magistrate Judge's Report and Recommendation (doc. 45) is hereby ADOPTED IN ITS ENTIRETY. Plaintiff's Motion for Default Judgment and Judgment on the Pleadings (doc. 43) is GRANTED. It is hereby ORDERED that payment be made from the funds on deposit in this action as follows: (1) the sum of $350.00 to Defendant KP Carriers, Inc.; (2) the sum of $2,550.00 to Triple LLL, Inc.; (3) the sum of $1,050.00 to Sievers Truck Service, Inc.; (4) the sum of $466.00 to Polo Trucking, Inc.; (5) the sum of $1,800.00 to Ellis Steel Company, Inc.; (6) the sum of $750.00 to Specialized Hauling, Inc.; and (7) the balance of $3,034.00, less poundage, to be returned to Plaintiff Cincinnati Insurance Company. Default judgment is hereby ENTERED against Defendants T.E.M. Transport, Inc.; Equity Trucking Company; TL Express; TCT Trucking, Inc.; R&M Trucking, LC; Clark Companies; Expediter Freight System, Inc.; JRC Transportation, Inc.; B-Right Trucking Company; R.B.R. Trucking, Inc.; Quick Silver Express, Inc.; Frueh Transportation, Inc.; Fisher Trucking & Lumber Co., Inc.; Transit Services, Inc.; H Trucking, Inc.; and

Steel City Transport, Inc. as to any and all claims against Plaintiff's ICC Property Brokers Surety Bond issued to Shantran Logistics, Inc. in the principal amount of $10,000. These Defendants are therefore BARRED from advancing any future claim against this bond. Default judgment as to all claims is hereby ENTERED against Defendants Shantran Logistics, Inc. and Victor Bosnich in the amount of $6,996.00. Plaintiff's indemnity claim against Defendant McDevitt remains.

      SO ORDERED.

Dated: April 14, 2004　　　　　/s/ S. Arthur Spiegel
　　　　　　　　　　　　　　　S. Arthur Spiegel
　　　　　　　　　　　　　　　United States Senior District Judge