UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, | Case No. 1:00-cv-965 |
| | Spiegel, J. |
| Plaintiff, | Black, M.J. |
| vs. | |
| SHANTRAN LOGISTICS, INC., *et al.,* | |
| Defendants. | **ORDER TO SHOW CAUSE** |

This is an interpleader action brought against a number of named defendants and multiple "John Does." The second amended complaint included an indemnity claim against defendants Shantran Logistics, Inc. ("Shantran"), Mr. Mike McDevitt ("McDevitt"), and Mr. Victor Bosnich ("Bosnich"). (*See* doc. 36).

On April 15, 2004, the Court entered an Order adopting in its entirety a Report and Recommendation (doc. 45) by Magistrate Judge David S. Perelman recommending *inter alia* that default judgment should be entered against Shantran and Bosnich and that the indemnity claim against McDevitt should remain pending. (Doc. 46). Judge Perelman noted in his Report that plaintiff's counsel had advised the Court that he would be proceeding against McDevitt by way of a motion for summary judgment "within the next thirty days." (Doc. 45)

Although more than thirty days have elapsed since the Report and Recommendation was entered on March 24, 2004, plaintiff has not filed a motion for

summary judgment nor made any other effort to litigate its claim. Thus, dismissal of the remaining claims for lack of prosecution may be warranted.

The Federal Rules of Civil Procedure provide in pertinent part that:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). The district courts moreover have inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabash R.R.,* 370 U.S. 626, 630-33 (1962); *Little v. Yeuter,* 984 F.2d 160, 162 (6th Cir. 1993).

Plaintiff is hereby **ORDERED** to show cause in writing **WITHIN FOURTEEN (14) DAYS** why this action should not be dismissed for lack of prosecution. Failure to comply with the terms of this Order shall result in a recommendation to the District Court that all remaining claims be dismissed and this case be closed.

**IT IS SO ORDERED.**


Date:  8/16/04                              s/Timothy S. Black
                                            Timothy S. Black
                                            United States Magistrate Judge